73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antwan E. BROWN, Defendant-Appellant.
 No. 95-30129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antwan Brown appeals his sentence following the entry of a guilty plea to maintaining a place for drug trafficking in violation of 21 U.S.C. Sec. 856, receipt of a firearm with an obliterated serial number in violation of 18 U.S.C. Sec. 922(k), and receipt of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. Sec. 922(g). Brown asserts that: (1) the district court erred by failing to depart downward based on alleged sentencing entrapment; and (2) U.S.S.G. Sec. 2D1.1 violates the Equal Protection Clause. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Brown argues that he was entrapped by the government into selling crack cocaine instead of powder cocaine and that on this basis he should have received a downward departure.
 
 
 4
 A district court's discretionary decision not to depart downward from the United States Sentencing Guidelines is not subject to review on appeal. United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994). If, however, a district court makes its decision not to depart based on the belief that it lacks the legal authority to do so, we treat the district court's decision as an interpretation of the Sentencing Guidelines and review it de novo. Id. at 793. Sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped in committing a greater offense subject to greater punishment. United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir.1994). We have previously held that sentencing entrapment is a valid basis for departure. See id. at 1108.
 
 
 5
 Here, the district court recognized sentencing entrapment as a valid basis for downward departure, but determined that no sentencing entrapment had occurred. See id. Because the district court's decision not to depart downward was within its discretion, that decision is not reviewable on appeal. See Eaton, 31 F.3d at 792.
 
 
 6
 Brown contends that the disparate penalties for cocaine under U.S.S.G. Sec. 2D1.1(c)(4) violate the Equal Protection Clause because there is no scientific distinction between crack cocaine and powder cocaine and the guideline unconstitutionally disadvantages African-Americans. We review de novo challenges to the constitutionality of the Sentencing Guidelines. See United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993). We have previously rejected both arguments and therefore reject them here as well. See United States v. Dumas, 64 F.3d 1427, 1429 (9th Cir.1995) (rejecting argument that guideline violates Equal Protection Clause either as enacted or as applied); United States v. Harding, 971 F.2d 410, 412-414 (9th Cir.1992) (rejecting arguments that crack cocaine and powder cocaine are essentially the same drug and that guideline distinction is arbitrary and irrational).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3